PER CURIAM:
Plaintiffs Long-Lewis Western Star of Bessemer and Long-Lewis Sterling Western Star of Hunstville (collectively, “Long-Lewis”) sued Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC (collectively, “DTNA”), for breach of contract and for violations of the Alabama Motor Vehicle Franchise Act (“AMVFA”), Ala.Code §§ 8-20-1 to 8-20-14, and the federal Automobile Dealers’ Day in Court Act (“ADDCA”), 15 U.S.C. §§ 1221 to 1226. The district court granted summary judgment to Defendant DTNA on all claims. After review and oral argument, we affirm.
First, we conclude that the district court correctly determined that Defendant DTNA had not terminated the Sales and Service Agreement by which Plaintiff Long-Lewis operated its Sterling Trucks franchise. Specifically, Long-Lewis did not present evidence sufficient to create an issue of fact as to termination. Because DTNA did not terminate Plaintiff Long-Lewis’s franchise, we affirm the district court’s grant of summary judgment to DTNA on Long-Lewis’s claims under the AMVFA, Ala. Code. § 8-20-5, and the ADDCA, 15 U.S.C. § 1222.
Second, as to Long-Lewis’s claims arising from the buy-one-to-get-one program, we conclude that the district court erred in relying on a definition of “coerce” supplied by a 2010 statutory amendment to the AMVFA because the definition was not enacted when DTNA created the buy-one-to-get-one program in 2006. See Ala.Code § 8-20-3(1) (2010). Because the 2006 version of the AMVFA did not define the term “coerce,” we apply the common definition of the term. See Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward County, 450 F.3d 1295, 1308 n. 6 (11th Cir.2006) (“Terms that are not defined in the statute ... are given their ordinary or natural meaning.” (quotation marks omitted)). Black’s Law Dictionary defines “coerce” as “[t]o compel by force or threat.” Black’s Law Dictionary 294 (9th ed.2009). Similarly, Webster’s Third New International Dictionary defines “coerce” as follows: “1: to restrain, control, or dominate, nullifying individual will or desire (as by force, power, violence, or intimidation) ... 2: to compel to an act or choice by force, threat, or other pressure.” Webster’s Third New International Dictionary of the English Language, Unabridged 439 (1993).
Applying this common definition, we conclude that the buy-one-to-get-one program was not coercive because Long-Lewis voluntarily participated in the program and presented no evidence of any force, threat, or pressure (other than mere market forces) to participate in the program. Accordingly, the district court properly granted summary judgment to Defendant DTNA on Long-Lewis’s various claims stemming from the buy-one-to-get-one program.
*821 In light of the above, we also conclude that the district court properly granted summary judgment on Plaintiff Long-Lewis’s remaining claims for breach of contract and for bad faith under the AM-VFA.
AFFIRMED.